UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIJIN YANG, | No. 1:26-cv-01902-DJC-EFB |
| Petitioner, | |
| v. | ORDER |
| CHIRSTOPHER CHESTNUT, et al., | |
| Respondents. | |

Before the Court is a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) filed by a noncitizen who has been detained by Immigration and Customs Enforcement ("ICE") for over eleven months pursuant to 8 U.S.C. § 1226(c). During this time, Petitioner has never received a bond hearing nor any other individualized assessment of whether she presents a risk of flight or danger to the community. Having considered the arguments made and exhibits submitted in support of the Petition and Motion for Temporary Restraining Order and those submitted in opposition, the Court now rules directly on the underlying claims raised in the Petition. For the reasons stated below, the Court finds Petitioner is entitled to a bond hearing and the Petition is granted.

## BACKGROUND

Petitioner is a noncitizen who entered the United States in November 1992. (Pet. ¶ 1.)  In 2007 and 2011, Petitioner was convicted of state crimes, including the misdemeanor attempt of "assaulting or obstructing a public officer," for which she was sentenced to 60 days in jail and 12 months of probation.  (Opp'n (ECF No. 9) at 1; Juarez Decl. (ECF No. 9-1 at 3.)  In 2024, Petitioner was arrested for supplying alcohol to a minor.  (Opp'n at 1.)  In 2023, she was "indicted of intentionally conspiring to distribute 50 kilograms or more of a mixture or substance containing marihuana in violation of 21 U.S.C. § 846." (*Id.* at 1–2.)  Petitioner pled guilty and completed a six-month sentence without incident.  (Pet. ¶¶ 3–4.)  Thereafter, Petitioner was immediately detained by ICE pursuant to 8 U.S.C. § 1226(c)(1)(B), which requires detention of anyone who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title."[1]  (8 U.S.C. § 1226(c)(1)(B); Opp'n at 2; Mot. ¶ 10.)

On November 3, 2025, an Immigration Judge denied Petitioner's applications for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), withholding or deferral of removal under the Convention Against Torture, and cancellation of removal for Lawful Permanent Residents and ordered Petitioner removed (ECF No. 9-2 at 13–14.)  Petitioner timely appealed that order to the Board of Immigration Appeals ("BIA").  (Pet. ¶ 7; Opp'n at 2.)  The BIA has not yet set a hearing date on that appeal.  (Pet. ¶ 7.)  To date, Petitioner has been detained pursuant to 8 U.S.C. § 1226(c) for eleven months without a bond hearing.  (Pet. ¶ 6.)

---

[1] Although Respondents initially assert Petitioner was detained pursuant to 8 U.S.C. § 1226(c)(1)(E)(ii), they later state that "Petitioner correctly concedes that she is subject to mandatory detention based on her aggravated felony conviction." (Opp'n at 2.)  The cited portion of Petitioner's Motion for Temporary Restraining Order provides that, as Petitioner's removability was alleged under § 237(a)(2)(A)(iii) and § 237(a)(2)(B)(i) of the Immigration and Nationality Act, she is detained under the auspices of 8 U.S.C. § 1226(c)." (Mot. ¶ 10.)  The subsection that permits detention on these grounds is 8 U.S.C. § 1226(c)(1)(B), not 8 U.S.C. § 1226(c)(1)(E)(ii).  As the parties appear to agree on this point and Respondents do not identify which of Petitioner's acts would justify detention under 8 U.S.C. § 1226(c)(1)(E)(ii), the Court assumes Petitioner is currently detained pursuant to 8 U.S.C. § 1226(c)(1)(B).

**DISCUSSION**

Petitioner argues her eleven-month detention without a bond hearing violates the Fifth Amendment Due Process Clause.  (Pet. at 27.)

This Court has previously joined other district courts in concluding that the prolonged and indefinite detention of noncitizens pursuant to statutes mandating detention without a bond hearing can violate the Due Process Clause.  *See Keo v. Chestnut*, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); *Mohammed v. Warden of Cal. City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); *K C v. Chestnut*, No. 1:26-cv-00227-DJC-CSK, 2026 WL 412505 (E.D. Cal. Feb. 13, 2026); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process'") (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

Though the Government argues the Supreme Court's decision in *Demore v. Kim*, 538 U.S. 510 (2003) sanctions Petitioner's detention under 1226(c), the Government also acknowledges *Demore*'s understanding that "in most cases, detention lasts for less than 90 days."  (Opp'n at 3 n.1 (citing *Demore*, 528 U.S. at 529).)  Specifically, the Supreme Court stated that "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the [noncitizen] chooses to appeal."  *Demore*, 528 U.S. at 530.  In contrast, in cases where the length of detention far exceeds the limited period addressed in *Demore*, "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)."  *Martinez v. Clark*, 36 F.4th

1219 (9th Cir. 2022), *cert. granted, judgment vacated on other grounds*, 144 S. Ct. 1339 (2024).  Although the Ninth Circuit has not decided that question, it has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018).  This Court shares those doubts.

To determine if Petitioner's due process rights have been violated by her eleven-month detention without a bond hearing, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing her freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Petitioner was initially detained in April 2025 and has remained in custody for the eleven months since.  (Pet. ¶ 6.)  Further, Petitioner faces indefinitely prolonged detention while judicial review of her claims for relief from removal plays out.  As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation may continue for a protracted and indefinite period, Petitioner has established her liberty interest.  *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must determine whether Petitioner is now due process under the Constitution.  Courts in this Circuit weigh the following factors to ascertain when prolonged detention pursuant to 8 U.S.C. § 1226(c) violates the Due Process Clause: "(1) the total length of

detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7.

First, the "length of detention," which is "the most important factor," weighs in Petitioner's favor as Petitioner has been detained for over eleven months. (*Id.* at *9; Pet. ¶ 6.)  This length aligns with those other courts have found warrants a bond hearing under the Due Process Clause.  *See, e.g.*, *See Yagoub v. LaRose*, No. 3:26-cv-00914 JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding Petitioner's detention of "nearly eight months" without a bond hearing weighed in Petitioner's favor);  *see also Amado v. United States Dep't of Just.*, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879–80 (finding fact that detention had spanned twelve months weighed in favor of granting bond hearing).

The second factor also favors Petitioner.  This factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9.  Petitioner's detention is likely to endure indefinitely while determinations about Petitioner's removability are made and appealed. *Id.*  (finding likely length of future detention absent judicial intervention weighed in favor of granting a bond hearing even where Petitioner had already received a removal order and filed an appeal).  Thus, this factor weighs in Petitioner's favor. *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL

2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of petitioner who had appealed the Immigration Judge's decision to the BIA).

Petitioner's relatively short sentence tips the third factor in her favor.  This factor considers "whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable."  *Martinez*, 2019 WL 5968089, at *7; *see also Zagal-Alcaraz*, 2020 WL 1862254, at *5 (D. Or. Mar. 25, 2020) (finding "the imbalance between the length of [Petitioner's] criminal sentence and his immigration detention weighs in Petitioner's favor").  Petitioner's current detention of eleven months exceeds the six-month sentence Petitioner received for the conviction underpinning her 1226(c) detention.  (*See* Juarez Decl. at 3.)  Therefore, this factor weighs in Petitioner's favor.

The fourth factor weighs slightly in the Government's favor.  Petitioner has been convicted of two crimes, including a misdemeanor attempt of "assaulting or obstructing a public officer."  (Opp'n at 1; Juarez Decl. at 3.)  Petitioner has also been arrested for supplying alcohol to a minor and pled guilty to "intentionally conspiring to distribute 50 kilograms or more of a mixture or substance containing marihuana."  (Opp'n at 1–2.)  Given the number of crimes Petitioner has committed and the seriousness of some of those crimes, this factor weighs in the Government's favor.  *See Zagal-Alcaraz v. ICE Field Off.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *5 (D. Or. Mar. 25, 2020), *report and recommendation adopted sub nom. Zagal-Alcaraz v.*

*ICE Field Off. Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1855189 (D. Or. Apr. 13, 2020) (weighing this factor in Government's favor when Petitioner pled guilty to a controlled substance charge and had been arrested for a misdemeanor assault charge). However, as Petitioner received relatively short sentences for the 2011 and 2023 crimes, this factor only slightly favors the Government. (*See* Juarez Decl. at 3.)

The fifth factor weighs in Petitioner's favor. "The more that the conditions under which the [non-citizen] is being held resemble penal confinement, the stronger [the] argument that [they are] entitled to a bond hearing." *Gomez v. ICE Field Off. Dir.*, No. 2:25-cv-02242-TL-TLF, 2026 WL 449536, at *5 (W.D. Wash. Jan. 27, 2026), *report and recommendation adopted sub nom. Osuna Gomez v. ICE Field Off. Dir. & Facility Adm'r*, No. 2:25-cv-02242-TL-TLF, 2026 WL 447409 (W.D. Wash. Feb. 17, 2026) (alterations in original) (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 860 (D. Minn. 2019). Petitioner asserts, and Respondents do not dispute, that the conditions of confinement at the California City detention facility are "deficient in provision of access to legal counsel, medical care, sanitation, food access, access to fresh air, and access to sufficiently warm clothing and bedding." (Pet. ¶ 66.) Thus, this factor weighs strongly in Petitioner's favor.

The sixth factor is neutral while the seventh favors Petitioner. In assessing whether petitioners have contributed to the delay, courts distinguish between "legitimate defenses" to removal, which "cannot undermine [a petitioner's] claim that detention has become unreasonable," and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings." *Martinez*, 2019 WL 5968089, at *10 (collecting cases); *see also Abduraimov v. Andrews*, No. 1:25-cv-00843-EPG-HC, 2025 WL 2912307, at *9 (E.D. Cal. Oct. 14, 2025). The Government does not identify any steps Petitioner took in bad faith to delay her removal proceedings but rather solely asserts that such delays stem from Petitioner's "desire to seek post-conviction relief." (Opp'n at 5.) However, Petitioner's appeal to the BIA is a proper avenue for relief Petitioner is entitled to pursue. *See Masood v. Barr*, No. 19-cv-7623-JD, 2020 WL 95633, at *3

(N.D. Cal. Jan. 8, 2022) (observing that it "ill suits the United States to suggest that he could shorten his detention by giving up these rights [to appeal] and abandoning his asylum application"). Though Petitioner points to no steps the Government has taken in bad faith to delay these proceedings, "this delay is attributable to the Government." *See Martinez*, 2019 WL 5968089, at *10.

Finally, the eighth factor is neutral. The Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal and, therefore, declines to do so. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

The balance of these factors supports Petitioner as four factors, including the most important one, the length of Petitioner's detention, weigh in Petitioner's favor while one slightly favors Respondents. Having established Petitioner has a liberty interest and determined that her prolonged and indefinite detention warrants process, the Court finds Petitioner is entitled to a bond hearing.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to the third cause of action.[2]

2.  Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have

---

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

counsel present.[3]  In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez*, 872 F.3d at 1000.

3.  The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **April 3, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Yang26cv01902.merits

---

[3] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here.  *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).